Modified.

**In re WEAN et al.**
**Patent Appeal No. 3053.**

Court of Customs and Patent Appeals.
Feb. 6, 1933.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa. (William H. Parmelee, of Pittsburgh, Pa., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellants have appealed to this court from a decision of the Board of Appeals of

the United States Patent Office, sustaining the examiner in rejecting all of the claims of the application. Appellants' claims 1, 8, 9, and 11 are apparatus claims, and claims 5, 6, and 7 are method claims.

Claims 1 and 5 are regarded as illustrative and read as follows:

"1. Apparatus for straightening annealing boxes, comprising a support, a fluid cylinder carried by said support and adapted to be inserted into an annealing box, said cylinder having a head adapted to engage an inwardly bulged portion of an annealing box, a piston rod operable by the cylinder, and a head on said piston rod, said head being of convex contour."

"5. The method of straightening a warped annealing box, which comprises positioning a warped box with respect to a fluid cylinder having a piston rod head adapted to engage an inwardly bulged portion of the box in such relation that operating the piston rod will force the box to the desired contour, and gradually admitting pressure fluid to the fluid cylinder, whereby the head is operated to straighten the box."

The references relied upon are:

Gilday, 1,473,034, November 6, 1923.

Byrnes et al., 183,638, October 24, 1876.

Appellants' claimed invention is for apparatus and method for straightening warped annealing boxes used in annealing metal articles such as packs of sheet metal. Since the article to be annealed is put into a heating chamber, which is also ordinarily the combustion chamber, damage will result to the metal, unless some box or covering is placed between the metal and the heat. It is customary to place the articles to be annealed underneath an open-bottomed box sitting on a truck, and the truck containing the metal and box is rolled into the heating chamber. The intense heat causes the box to warp.

In the prior art, this warped condition was remedied by pounding with heavy sledges, which, for several reasons, was unsatisfactory.

Appellants' apparatus for straightening the boxes, according to their specification and claims, is in the form of a jack "comprising a fluid cylinder of relatively large diameter compared to its length and having a piston rod slidable therein, said cylinder and rod being bodily insertable into an annealing box, an anvil on the end of the cylinder opposite the piston rod, and a head on the piston rod, said head and said anvil being shaped for cooperation with portions of the annealing box to be straightened."

The method claims describe the use of said jack by placing it in such warped annealing boxes and straightening out the warped portion by the pressure produced by the jack.

The patent to Gilday is for an ordinary air lifting jack shown in figure 1 of the patent in an upright position.

The patent to Byrnes et al. is a hydraulic jack shown in figure 1 of the patent in a horizontal position, which jack is designed to be used as a portable appliance for aiding in packing closely into ships such articles as bales and bags of cotton.

In rejecting the appealed claims, the board said:

"We agree with the examiner that claims 1, 8, 9 and 11 fail to distinguish the applicant's invention from either of the cited patents. The jack disclosed by each of these patents is clearly applicable for straightening warped annealing boxes in the same manner as the applicant's jack.

"As to the limitation in claims 9 and 11 respecting the relative dimensions of the piston, cylinder, and the annealing box, it may be stated that these are matters which clearly fall within the range of the skilled mechanic. As was stated by the examiner, it is well settled that invention cannot be predicated on mere differences in size of relative proportions.

"Claims 5, 6 and 7 define nothing more than an obvious application of the jacks disclosed in the references in straightening warped annealing boxes."

We agree with the conclusion of the Board of Appeals and the reasons assigned.

Appellants have submitted to this court a very elaborate and well prepared brief, in which they state: "We do not believe that the applicants have taken a mechanism which is old and merely adapted it to a use for which it was intended. The applicants, on the contrary, have put a jack to a use entirely different from the way in which jacks have heretofore been used and they have modified the construction of the jack to meet the needs of this new manner of use. * * *"

They do not contend that this kind of jack, when considered apart from its use, is new in an inventive sense, although their apparatus claims are drawn to cover certain particular features of a jack. As we understand appellants' contention, it is that "the applicants * * * have departed from this normal way of using a jack by expanding

842

it between the walls of the same movable object"; whereas, the former use of jacks was to expand them between an immovable object and a movable one. They argue quite earnestly that the use of the jack, taught by appellants, produces a new and useful result which is not obvious. The decision by this court in Re Burrows, 40 F.(2d) 1011, 17 C. C. P. A. 1254, sustaining the patentability of an invention which embodied the adaptation of an old structure to a new use, that is, adapting certain features of an artificial ice skating rink in the construction of a display counter for perishable foods, is particularly relied upon by appellants.

In that case, this court said there was considerable doubt as to whether or not the substitution of a process connected with the floor used in a skating rink for that of a refrigerating counter constituted invention. We have no doubt about the lack of invention in the instant case. The appellants' jack performs the normal function of a jack, that is, it exerts pressure and it is immaterial whether it be exerted in the hold of a ship, underneath a vehicle, or in an annealing box.

Appellants have cited and quoted from the following cases as supporting their claim of patentability of the apparatus claims: Lakewood Engineering Co. v. Walker (C. C. A.) 23 F.(2d) 623; Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Potts & Co. v. Creager, 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275; White Co. v. Converse & Son (C. C. A.) 20 F.(2d) 311; Hoe & Co. v. Goss Printing Press Co. (C. C. A.) 30 F.(2d) 271.

The method claims are drawn to the use of the jack, the production of which we do not think required invention. Appellants urge that a method claim is not required to show the use of apparatus which of itself requires inventive genius to produce, citing Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 422, 22 S. Ct. 698, 46 L. Ed. 968. That of course is true in many instances, but this principle does not apply to the facts at bar. The method here consists of putting the box over the jack and by exerting pressure from the jack to the sides of the box, forcing the sides of the box to the desired contour. In other words, the method consists of straightening the walls of a box by jack pressure. We do not think that it required any more than mechanical skill of those familiar with the art to suggest this method.

The decision of the Board of Appeals is affirmed.

Affirmed.

Court of Customs and Patent Appeals.

Jan. 23, 1933.

Philip Mauro and Reeve Lewis, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

